UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PROGRESSIVE HAWAII INSURANCE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. __20-2726__ |
| D&N TRANSPORTATION, INC., KEITH STEADMAN and DURGA ACHARYA, | § § § § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Progressive Hawaii Insurance Corporation ("Plaintiff or Progressive") petitions for declaratory judgment as follows:

### I.  PARTIES

1. Plaintiff is an insurance company formed and existing under the laws of the State of Ohio and which maintains its principal business address in Ohio. Plaintiff is a citizen of Ohio.

2. Defendant D&N Transportation, Inc. ("D&N") is the named insured under a commercial auto policy issued by Progressive. D&N is a corporation formed under the laws of the State of Tennessee and which maintains its principal place of business in the State of Tennessee at 4535 Lake Haven, Chattanooga, Tennessee.  D&N may be served with summons and a copy of this complaint by delivery to corporate officer Ms. Natia A. Reel at the company's principal corporate offices at 4535 Lake Haven, Chattanooga, Tennessee.

3. On information and belief, Defendant Keith Delaney Steadman ("Steadman") is an individual residing either in the State of Oklahoma or the State of Indiana. Steadman was driving the commercial motor vehicle operated by D&N at the time of the accident and therefore his joinder is necessary for complete adjudication of the declaratory relief sought herein.  Steadman

can be served with summons and this complaint by serving him at 4535 N.E. 31st Street, Oklahoma City, Oklahoma 73111 or at 921 Park Hoover Ville Dr., Apt. A, Indianapolis Indiana 46260. Steadman is either a citizen of Oklahoma or Indiana and is not a citizen of Ohio.

4. Defendant Durga Acharya has asserted bodily injury claims against D&N and Steadman arising out of a highway accident that occurred on or about October 26, 2019 in Houston, Texas and is plaintiff in a pending action in this court. Acharya is a citizen of Texas for purposes of diversity jurisdiction. Service is not requested at this time as Acharya is represented by counsel and a courtesy copy of this complaint and waiver of summons is to be requested.

## II.    JURISDICTION AND VENUE

5. The United States Courts have original subject matter jurisdiction over this action based upon diversity of citizenship as specified under 28 U.S.C. 1332(a)(1).

6. Venue is appropriate in the Southern District, Houston Division pursuant to 28 U.S.C. 1391(b)(1)(2).

## III.    GROUNDS FOR DECLARATORY JUDGMENT

7. This declaratory judgment action concerns a commercial auto insurance policy insuring D&N and Steadman. An actual case and controversy exists because the policy does not insure the commercial motor vehicle that was involved in a highway accident in Houston, Texas on October 26, 2019.

8. At 6:15 PM CT on October 26, 2019, defendant Steadman was involved in a traffic accident in Houston, Texas somewhere near the 16000 block of Interstate 10 in Harris County. Steadman was driving a 2007 White Sterling tractor, plate no. G9391HY (VIN no 2F2HCMCVX7AY02727) (hereinafter the "tractor" or "powered unit"). The tractor was attached to and hauling a black trailer or car hauler of unknown manufacture bearing license plates no. 239946B and VIN 5EOAC14463G004354 (hereinafter the "trailer" or "car hauler").

9. On or about July 26, 2019, and before the Steadman's accident in Houston, Progressive had issued Commercial Auto Policy no 07906309-1 to D&N Transportation, 4535 Lake Haven Dr., Chattanooga, Tennessee 37416. Progressive's policy provided bodily injury and property damage liability caused by an accident arising from ownership maintenance or use of a "**covered auto**" as defined in the policy.

10. At 6:15 PM CT on October 26, 2019, when the Steadman accident occurred, neither the tractor he was driving, or the trailer were insured under Progressive's policy. Neither vehicle was listed as a covered auto in the policy declarations and no premium had been paid to insure either vehicle. Neither vehicle qualified for extensions of coverage in the policy as a temporary substitute or additionally acquired vehicle. The vehicles were uninsured.

11. Around 9:38 PM CT, three hours after the accident, someone affiliated with D&N called Progressive's service number and attempted to add the accident vehicles to the Progressive policy. However, those accident vehicles were never insured retroactively and were therefore not insured at the time of Steadman's wreck. Consequently, Progressive's Commercial Auto Policy, No. 07906309-1 did not provide any liability coverage to D&N Transportation or Steadman arising from the October 26, 2019 accident.

12. Durga Acharya thereafter sued D&N and Steadman in *Archarya v. D&N Transportation, et. al.,* Civil Action No. 4:20-cv-02072 (S.D. Texas) and demanded that Progressive pay the $1,000,000.00 limits of the policy.

13. A bona fide case and controversy exist over coverage under Progressive's policy, or lack thereof, sufficient to invoke this court's jurisdiction under the Federal Declaratory Judgment Act 28 U.S.C. 2201. The declaratory relief sought herein will serve to resolve and to clarify the rights and liabilities of the parties and to those claiming against the policy.

14. Progressive specifically requests that declaratory judgment be entered that its policy no. 07906309-1 provides no bodily injury or property damage liability coverage to D&N or Steadman for the October 26, 2019 highway accident involving Durga Acharya and that Progressive has no duty to defend D&N or Steadman and no duty to indemnify for any resulting judgment or liability in favor of Acharya. As a matter of law, neither the powered unit or the car hauler which was being operated by Steadman qualify as a covered auto within the definition in the policy.

15. Progressive would further show that in connection with the auto policy, Progressive issued an MCS-90 endorsement and made a filing with the Federal Motor Carrier Administration in connection with D&N's permit as an interstate motor carrier. The endorsement provides in relevant part:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA). In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving

a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement. It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment. The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of anyone accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

16. Steadman's trailer was empty when the wreck occurred; there were no cars loaded onto the car hauler. Steadman was not hauling goods or property in interstate commerce and he was not under the dispatch or direction of any party to pick up property for transportation in interstate commerce and was not in transit to pick up property bound for interstate commerce.

17. Under Fifth Circuit precedent, Progressive's MCS-90 does not trigger and does not apply to indemnify the public for Steadman's wreck because the vehicles were not presently transporting property in interstate commerce and were, therefore, not subject to the financial requirements of sections 29 and 30 of the Motor Carrier Act of 1980. *Canal Ins. Co. v. Coleman,* 625 F3d 244, 247 (5th Cir. 2010).

18. Progressive, therefore, requests that declaratory judgment be entered that the MCS-90 endorsement to the policy does not obligate Progressive to indemnify any resulting judgment or settlement in Acharya pending action.

## Conclusion and Requested for Relief

Pursuant to 28 USC 2201 and Fed. R. Civ P. 57 Progressive Hawaii Insurance Corporation request that defendants be sited to appear and upon final hearing on the merits that declaratory judgment be entered consistent with the grounds for that relief herein alleged and that Progressive have such other and further relief as the court may deem appropriate.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

*/s/ Richard M. Mosher*

Richard M. Mosher
State Bar No. 14580300
SDB: 13615
rmosher@thompsoncoe.com
700 North Pearl Street, Suite 2500
Dallas, Texas 75201-2832
Telephone:  (214) 871-8269
Facsimile:  (214) 871-8209

**COUNSEL FOR PLAINTIFF PROGRESSIVE HAWAII INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

A true copy of the foregoing pleading has been served on all counsel of record.

*/s/ Rick Mosher*
Rick Mosher